# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIEN W. SISCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-041-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Kevien W. Sisco appealed the Commissioner of the Social Security Administration's denial of benefits. The Court reversed the Commissioner's decision and remanded the case to the Administrative Law Judge for further proceedings. On remand, the Commissioner found the Plaintiff disabled and awarded $95,660.00 in past-due benefits, out of which attorneys' fees have been sought pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court concludes that Sisco's Attorney Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 20] should be granted and that the Plaintiff's counsel should be awarded $19,915.00 in attorneys' fees.

There is at the outset a timeliness issue to be addressed. The Commissioner issued the notice of award on April 23, 2006, but the Plaintiff did not move for attorneys' fees until February 13, 2008. Because such a motion is governed by Fed. R. Civ. P. 60(b)(6), *see McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006) ("Section 406(b) itself does not

contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."), and therefore "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), the Court directed the Plaintiff to "address his efforts to discover when an award of benefits was made[.]" *See* Docket No. 22. The response was frankly unsatisfactory; instead of detailing any attempts (either in writing or otherwise) to discover whether a notice of award had been issued by contacting his agency representative or the Commissioner, the Plaintiff placed blame on those parties and urged the Court to infer reasonableness on his own part from the absence of any evidence to the contrary. *See*, *e. g.*, *Hanan v. United States,* 402 F. Supp. 2d 679, 687 (E.D. Va. 2005), *aff'd*, 213 Fed. Appx. 197 (4th Cir. 2007) ("Hanan, as the party seeking relief, bears the burden to show that his motion was filed within a reasonable time, and must offer a satisfactory explanation for any delay."), *citing Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 253 (4th Cir. 1974) ("Defendants waited almost four months after receiving notice of the default judgments before filing their motions to vacate. *They provide no satisfactory explanation for this delay*.") [emphasis added]. *See also White v. American Airlines,* 915 F.2d 1414, 1425 (10th Cir. 1990) ("American did not file its Rule 60(b)(1) motion until almost one year after the judgment was entered. *American has not offered sufficient justification for this delay*[.]") [emphasis added]. Nevertheless, the Plaintiff *does* appear to have moved for attorneys' fees within a reasonable time after finally learning of the notice of award, and the Commissioner does not explicitly object to relief under Fed. R. Civ. P. 60(b)(6). The Court therefore

concludes (albeit somewhat reluctantly) that the Plaintiff's motion was "made within a reasonable time" for purposes of Fed. R. Civ. P. 60(c)(1).

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation includes not only the fees awarded at the district court level, but also any fee awarded to the claimant's agency representative under 42 U.S.C. § 406(a). *See*, *e. g.*, *Harris v. Secretary of Health & Human Services*, 836 F.2d 496, 498 n.1 (10th Cir. 1987), *abrogated on other grounds by Frazier v. Bowen*, 240 F.3d 1284 (10th Cir. 2001) ("We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both administrative and judicial levels cannot exceed 25% of the total of the past-due benefits to which the claimant is entitled."), *citing Morris v. Social Security Administration*, 689 F.2d 495 (4th Cir. 1982); *Dawson v. Finch*, 425 F.2d 1192 (5th Cir.), *cert. denied*, 400 U.S. 830 (1970).

The Plaintiff's fee request complies with the Section 406(b)(1)(A) limitation, *i. e.*, the $19,915.00 fee award sought by the Plaintiff in accordance with the terms of his contingent-fee contract with his attorneys, plus the $4,000.00 already awarded by the Commissioner for representation at the agency level, is exactly equal to 25% of the Plaintiff's past-due benefits. The Court is thus left with determining whether the attorneys' fees requested by the Plaintiff are reasonable given the work performed. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807

(2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Pertinent factors are the character of the representation and the results achieved, *see id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits over time or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741.

Application of the *Gisbrecht* factors indicates that the attorneys' fees requested by the Plaintiff are reasonable. First, the representation provided to the Plaintiff was both professional and appropriate to the case, *e. g.*, the Plaintiff's attorney prepared a detailed brief in support of his contentions, and the appeal was decided on grounds argued therein, *see* Docket Nos. 10, 13 & 14, and the Plaintiff obtained an excellent result therefrom. The Court reversed and remanded for substantive (not merely technical) reasons and awarded attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,032.20. *See* Docket No. 19. On remand, the Commissioner awarded benefits,

the past-due portion of which alone will net the Plaintiff almost $77,000.00 even after attorneys' fees are deducted. Second, there is no evidence counsel caused any delay in these proceedings, other than that discussed above, which did not increase the past-due benefits or otherwise prejudice the Plaintiff. Finally, the requested fee does not result in any windfall; counsel spent 34.8 hours (including a small amount of paralegal time) on this case. Although $572.27 per hour would be a premium rate to be sure in an hourly rate case, it is hardly excessive here, where the fee was contingent and the risk of loss was clearly not negligible. The Court therefore concludes that the requested fee of $19,915.00 is reasonable within the guidelines set by *Gisbrecht*.

Accordingly, Sisco's Attorney Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 20] is hereby GRANTED. The Commissioner is hereby directed to pay Plaintiff's attorneys $19,915.00 out of the Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). The Plaintiff's attorneys shall thereupon refund to the Plaintiff any amount previously awarded under the EAJA. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 16th day of April, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**